IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK BEER,<br><br>    Plaintiff,<br><br>    v.<br><br>ADVANCED AUTO PARTS, INC.,<br><br>    Defendant. | CIVIL ACTION<br><br>NO. 5:19-cv-05939-KSM |

**MEMORANDUM**

**MARSTON, J.**                                                                                                              **July 15, 2020**

Plaintiff Mark Beer brings two counts against Defendant Advanced Auto Parts. Count I of Beer's Complaint alleges that Advanced Auto Parts violated the Americans with Disabilities Act ("ADA") by discriminating against Beer due to his disability and failing to engage in the required interactive process. (Doc. No. 1.) Count II alleges that Advanced Auto Parts retaliated against Beer in violation of the ADA.[1] (*Id.*) Presently before the Court is Advanced Auto Parts's Partial Motion to Dismiss Count II of Beer's Complaint. For the reasons discussed below, the Court will dismiss Count II without prejudice.

I.

Taking the facts in Beer's Complaint as true, Beer began working for Advanced Auto Parts in 2006. (Doc. No. 1, ¶ 8.) Beer's job duties required him to stand for long periods of time. (*Id.* at ¶¶ 9–10.) Around 2014, Beer was diagnosed with arthritis in his feet. (*Id.* at ¶ 11.) When Beer showed his manager, Fernando Plaud, a doctor's note concerning "restrictions," Plaud replied, "I

---

[1] Count II of the Complaint is labeled as a violation of Title VII (rather than the ADA). However, the Court understands that this is a typographical error, and Beer is bringing Count II under the ADA. (*E.g.*, Doc. No. 1, ¶¶ 1–2 (stating that Beer's Complaint is brought solely under the ADA).)

don't know if we will have work for you then." (*Id.* at ¶¶ 12–14.) Beer took his doctor's note back for fear of termination. (*Id.* at ¶ 15.) To alleviate his foot pain, Beer sat on "rollers" as he counted inventory until Advanced Auto Parts began prohibiting employees from sitting on rollers in June 2018. (*Id.* at ¶¶ 16–17.) Beer then spoke to a different manager, Rick Haas, to remind Hass that Beer suffered from chronic foot pain. (*Id.* at ¶ 18.) As a result, Beer began using a "pack mule" (*i.e.*, an "electric utility cart") to move around the job site. (*Id.* at ¶ 19.)

Around July 11, 2018, Haas took the pack mule that Beer was using, even though Haas had a different pack mule in his office for Hass's use. (*Id.* at ¶¶ 20–21.) Beer then spoke to his general manager, Mark Nyugen, about the situation, resulting in Nyugen and Beer speaking to Haas about the pack mule issue. (*Id.* at ¶¶ 22–24.) Nyugen promised Beer he would find a solution to avoid further conflict between Beer and Haas. (*Id.* at ¶ 24.) Around July 24, 2018, however, Haas summoned Beer to Haas's office and gave Beer a "final warning" for taking too long between tasks. (*Id.* at ¶ 25.) This "final warning" was Beer's first warning he had received in the last year. (*Id.* at ¶ 30.) Beer spoke to Nyugen about this final warning to explain that his foot pain prevented him from moving swiftly between tasks. (*Id.* at ¶ 26.) Nyugen assured Beer that his job was not in jeopardy. (*Id.* at ¶¶ 27–29.) However, on July 30, Haas terminated Beer for sitting on rollers on July 24. (*Id.* at ¶ 30.)

In December 2018, Beer filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") (*Id.* at ¶ 4; *see also* Doc. No. 9-2, Ex. A (Beer's Charge of Discrimination attached as Exhibit A to Advanced Auto Parts's motion to dismiss).) The EEOC later mailed Beer his Notice of Right to Sue. (Doc. No. 1, ¶ 5.) Beer then filed his Complaint in federal court on December 11, 2019. (Doc. No. 1.) Advanced Auto Parts responded with a Partial Motion to Dismiss, asserting that Beer's Count II (retaliation) should be dismissed for failure to

exhaust administrative remedies. (Doc. No. 9.) Beer then filed his opposition (Doc. No. 10) and Advanced Auto Parts filed its reply (Doc. No. 11).

## II.

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). In deciding a motion to dismiss, "courts accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff . . . ." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). While the court must accept well-pled factual allegations in the complaint as true, the court may disregard any legal conclusions. *Id.* at 210–11; *see also Iqbal*, 556 U.S. at 678.

In deciding a motion to dismiss, the court may consider the complaint, exhibits attached to the complaint, matters of public record, and "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Levins v. Healthcare Revenue Recovery Grp.*, 902 F.3d 274, 279–80 (3d Cir. 2018). The court may also consider "a document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). As such, we may consider Beer's EEOC Charge in deciding this motion to dismiss. *See, e.g.*, *Ruddy v. U.S. Postal Serv.*, 455 F. App'x 279, 283 (3d Cir. 2011); *Braddock v. SEPTA*, No. 13-6171, 2014 WL 6698306, at *7 (E.D. Pa. Nov. 25, 2014).

## III.

When bringing a claim under the ADA, the plaintiff must exhaust his administrative remedies before the EEOC prior to filing a complaint in federal court. *Itiowe v. NBC Universal Inc.*, 556 F. App'x 126, 128 (3d Cir. 2014); *Churchill v. Star Enters.*, 183 F.3d 184, 190 (3d Cir.

3

1999). If the plaintiff does not first exhaust his administrative remedies, the court should dismiss the complaint under Rule 12(b)(6). *Itiowe*, 556 F. App'x at 128.

Because the plaintiff is required to first exhaust his administrative remedies, the ensuing lawsuit in federal court is limited to the claims that were within the scope of the EEOC proceedings. *Antol v. Perry*, 82 F.3d 1291, 1295–96 (3d Cir. 1996); *see also DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 433 (E.D. Pa. 2007) ("The Third Circuit . . . has explained that 'the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination . . . .'" (citing *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398–99 (3d Cir. 1976))). Thus, for the administrative remedies to be exhausted, the incident at issue must fall within the scope of the EEOC charge, or must fall within the scope of the EEOC investigation that arose out of the EEOC charge. *DeLa Cruz*, 521 F. Supp. 2d at 433 (citing *Waiters v. Parsons*, 729 F.2d 233, 235 (3d Cir. 1984)).

Here, Advanced Auto Parts argues that Beer's retaliation claim (Count II) should be dismissed because Beer did not exhaust his administrative remedies. We agree.

First, Beer's retaliation claim does not fall within the scope of his EEOC Charge. In his EEOC Charge, Beer states, "I was terminated and discriminated against due to my disability . . . . [and Advanced Auto Parts] failed to engage in the interactive process as mandated by the ADA."[2] (Doc. No. 9-2, Ex. A, ¶ 19.) There is not, however, any assertions in Beer's EEOC Charge that Advanced Auto Parts retaliated against Beer in violation of the ADA. (Doc. No. 9-2, Ex. A.) As well, looking at the facts alleged in the EEOC Charge, we do not find that Beer's Charge sufficiently complains of retaliatory action by Advanced Auto Parts.

---

[2] This is Count I of Beer's federal court Complaint. Count I is not at issue in this partial motion to dismiss.

Indeed, in his brief opposing the motion to dismiss, Beer does not dispute that his EEOC Charge fails to expressly and specifically raise a retaliation claim. (*E.g.*, Doc. No. 10, pp. 3–4.) Beer instead argues that his retaliation claim "can be reasonably expected to grow out of his EEOC charge." (*Id.*) In making this argument, Beer compares his case to an earlier case from this district. (*Id.* (comparing this case to *Fugarino v. University Servs.*, 123 F. Supp. 2d 838 (E.D. Pa. 2000)).) But even if Beer's assertion that his case is "procedurally analogous" to *Fugarino* is correct (Doc. No. 10, p. 4), that is immaterial. *See, e.g.*, *DeLa Cruz*, 521 F. Supp. 2d at 433 ("Courts have taken a 'fact-specific' approach to this inquiry, requiring a careful examination of 'the prior pending EEOC complaint and the unexhausted claim on a case-by-case basis. . . .'" (citing *Robinson v. Dalton*, 107 F.3d 1018, 1024 (3d Cir. 1997))). Beer's EEOC charge, where he was represented by counsel, reflected that he was proceeding with a disability discrimination and failure to accommodate claim. As such, we do not find sufficient support for Beer's assertion that his retaliation claim "can be reasonably expected to grow out of his EEOC charge." *Cf. Johnson v. Chase Home Fin.*, 309 F. Supp. 2d 667, 672 (E.D. Pa. 2004) ("The Court notes that in this case, the failure to include a claim of retaliation in the charge is particularly unjustified given that plaintiff was represented by counsel experienced in EEOC matters throughout the administrative proceedings.").

Second, and relatedly, Beer does not sufficiently allege that his retaliation claim falls within the scope of the EEOC investigation that resulted from his EEOC Charge. Rather, in the Complaint, Beer simply alleges that he "filed a timely charge" with the EEOC and that the EEOC mailed him a Notice of Right to Sue. (Doc. No. 1, ¶¶ 4–5.) Entirely lacking is any information as to the EEOC investigation, including whether the EEOC even investigated a retaliation claim.

Under these circumstances, we cannot find that Beer exhausted his administrative remedies for his retaliation claim.

### IV.

For the reasons stated above, Count II of Beer's Complaint is dismissed for failure to exhaust administrative remedies. Beer will be granted the opportunity to amend his Complaint to adequately plead that he exhausted his administrative remedies regarding his retaliation claim.

An appropriate order follows.