IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK BEER**, <br><br> Plaintiff, <br><br> *v.* <br><br> **ADVANCED AUTO PARTS, INC.**, <br><br> Defendant. | **CIVIL ACTION** <br><br> **NO. 5:19-cv-05939-KSM** |

### MEMORANDUM

**MARSTON, J.**                                                                                                       **November 13, 2020**

Plaintiff Mark Beer brings two counts against Defendant Advanced Auto Parts, Inc.[1] Count I of Beer's Amended Complaint[2] alleges that Advanced Auto Parts violated the Americans with Disabilities Act ("ADA") by discriminating against Beer due to his disability and failing to engage in the required interactive process. (Doc. No. 17.) Count II alleges that Advanced Auto Parts retaliated against Beer in violation of the ADA. (*Id.*) Presently before the Court is Defendant's Partial Motion to Dismiss Count II of Beer's Amended Complaint. (Doc. No. 18.)

---

[1] Defendant explains in a footnote in its Partial Motion to Dismiss that although Beer's Complaint names "Advanced Auto Parts, Inc." as the defendant, the proper name is "Advance Stores Company, Incorporated d/b/a Advance Auto Parts." (Doc. No. 18-2, p. 1 n.1.) Defendant alleges that Beer was employed by Advance Stores Company, a subsidiary of Advance Auto Parts. (*Id.*) If the parties wish to alter the case caption to indicate that Beer's suit is against Advance Stores, not Advance Auto Parts, they may file a stipulation to that effect.

[2] In reviewing the redline of Beer's Amended Complaint (Doc. No. 26), it came to the Court's attention that Beer's original Complaint (Doc. No. 1) was missing a page. The Court held a telephonic status conference with the parties on November 9, 2020 to discuss this issue. During that conference, counsel for Advanced Auto Parts indicated that he had been served with a complete version of Beer's original Complaint. In ruling on Advanced Auto Parts's first Partial Motion to Dismiss (Doc. No. 9), we did not have the benefit of reviewing this missing page, which, as discussed below, contained factual allegations that, accepted as true, help state a plausible allegation of retaliation and show that Beer has exhausted administrative remedies as to this count.

For the reasons discussed below, the Court will deny Defendant's motion.

## I.  BACKGROUND

### A.  Factual Background

Taking the facts in Beer's Amended Complaint as true, Beer began working for Advanced Auto Parts in 2006. (Doc. No. 26 at ¶ 8.) Beer's job duties required him to stand for long periods of time. (*Id.* at ¶¶ 9–10.) Around 2014, Beer was diagnosed with arthritis in his feet. (*Id.* at ¶ 11.) When Beer showed his manager, Fernando Plaud, a doctor's note concerning "restrictions," Plaud replied, "I don't know if we will have work for you then." (*Id.* at ¶¶ 12–14.) Beer took his doctor's note back for fear of termination. (*Id.* at ¶ 15.) To alleviate his foot pain, Beer sat on "rollers" as he counted inventory until Advanced Auto Parts began prohibiting employees from sitting on rollers in June 2018. (*Id.* at ¶¶ 16–17.) Beer then spoke to a different manager, Rick Haas, to remind Haas that Beer suffered from chronic foot pain. (*Id.* at ¶ 18.) As a result, Beer began using a "pack mule" (*i.e.*, an "electric utility cart") to move around the job site. (*Id.* at ¶ 19.)

Around July 11, 2018, Haas took the pack mule that Beer was using, even though Haas had a different pack mule in his office for Haas's own use. (*Id.* at ¶¶ 20–21.) Beer then spoke to his general manager, Mark Nyugen, about the situation, resulting in Nyugen and Beer speaking to Haas about the pack mule issue. (*Id.* at ¶¶ 22–24.) Nyugen promised Beer he would find a solution to avoid further conflict between Beer and Haas. (*Id.* at ¶ 24.)

Beer made his relevant supervisors aware of his disabilities and need for accommodations, specifically requesting that he be allowed to use the pack mule and rollers to alleviate his foot pain. (*Id.* at ¶¶ 38, 39, 42(a)(ii).) Around July 24, 2018, however, Haas summoned Beer to Haas's office and gave Beer a "final warning" for taking too long between tasks. (*Id.* at ¶ 25.) This "final warning" was the first warning Beer had received in the eleven years he worked for Advanced

Auto Parts. (*Id.* at ¶ 30(b).) Beer spoke to Nyugen about this final warning to explain that his foot pain prevented him from moving swiftly between tasks. (*Id.* at ¶ 26.) Nyugen assured Beer that his job was not in jeopardy. (*Id.* at ¶¶ 27–29.) However, less than a week later, on July 30, Haas terminated Beer for sitting on rollers on July 24. (*Id.* at ¶ 30.)

In December 2018, Beer filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶¶ 4, 31; *see also* Doc. No. 9-2, Ex. A (Beer's Charge of Discrimination attached as Exhibit A to Advanced Auto Parts's first motion to dismiss).) The EEOC later mailed Beer his Notice of Right to Sue. (Doc. No. 26 at ¶ 5.)

### B.     Procedural Background

After Beer filed his Complaint (Doc. No. 1), Advanced Auto Parts moved to dismiss Count II (retaliation) for failure to exhaust administrative remedies. (Doc. No. 9.) After receiving Beer's opposition (Doc. No. 10) and Advanced Auto Parts's reply (Doc. No. 11), we dismissed Count II without prejudice, finding that Beer's retaliation claim did not fall within the scope of his EEOC charge, and therefore, Beer did not sufficiently allege that he exhausted his administrative remedies for his retaliation claim. (Doc. No. 15.) We granted Beer the opportunity to file an amended complaint to more "adequately plead that he exhausted his administrative remedies regarding his retaliation claim." (*Id.*)

Beer filed an Amended Complaint on July 16, 2020, in which he reasserted his retaliation claim (Count II). (Doc. No. 17.) On July 30, 2020, Advanced Auto Parts again filed a Partial Motion to Dismiss Count II. (Doc. No. 18.) In its motion, Advanced Auto Parts argued that Beer's retaliation claim should be dismissed because the Amended Complaint did not cure the deficiencies in his original Complaint. (Doc. No. 18-1, pp. 3–6.) Beer filed an opposition and argued that his Amended Complaint sufficiently pled his retaliation claim, and this claim could

reasonably be expected to grow out of his EEOC Charge. (Doc. No. 19, pp. 2–5.) Advanced Auto Parts filed a reply on August 18, 2020. (Doc. No. 20.)

## II. LEGAL STANDARD

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). In deciding a motion to dismiss, "courts accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff . . . ." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). While the court must accept well-pled factual allegations in the complaint as true, the court may disregard any legal conclusions. *Id.* at 210–11; *see also Iqbal*, 556 U.S. at 678.

In deciding a motion to dismiss, the court may consider the complaint, exhibits attached to the complaint, matters of public record, and "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Levins v. Healthcare Revenue Recovery Grp.*, 902 F.3d 274, 279–80 (3d Cir. 2018). The court may also consider "a document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). As such, we may consider Beer's EEOC Charge in deciding this motion to dismiss. *See, e.g.*, *Ruddy v. U.S. Postal Serv.*, 455 F. App'x 279, 283 (3d Cir. 2011); *Braddock v. SEPTA*, No. 13-6171, 2014 WL 6698306, at *7 (E.D. Pa. Nov. 25, 2014) (collecting cases).

## III. DISCUSSION

When bringing a claim under the ADA, the plaintiff must exhaust his administrative remedies before the EEOC prior to filing a complaint in federal court. *Itiowe v. NBC Universal Inc.*, 556 F. App'x 126, 128 (3d Cir. 2014); *Churchill v. Star Enters.*, 183 F.3d 184, 190 (3d Cir.

4

1999).  If the plaintiff does not first exhaust his administrative remedies, the court should dismiss the complaint under Rule 12(b)(6).  *Itiowe*, 556 F. App'x at 128.  Because the plaintiff is required to exhaust his administrative remedies, the incident at issue must fall within the scope of the EEOC charge, or must fall within the scope of the EEOC investigation that arose out of the EEOC charge.[3] *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 433 (E.D. Pa. 2007).

The administrative exhaustion requirement "is tempered by a fairly liberal construction given to EEOC charges." *Schouten v. CSX Transp., Inc.*, 58 F. Supp. 2d 614, 617 (E.D. Pa. 1999).[4] Plaintiffs are considered to have exhausted their administrative remedies if their claim "can reasonably be expected to grow out of the charge of discrimination." *Id.* (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398–99 (3d Cir. 1976)).  A claim is reasonably expected to grow out of an EEOC charge when "there was a close nexus between the facts supporting the claims raised in the charge and those in the complaint." *Reynolds v. Aria Health*, Civil Action No. 12-2954, 2013 WL 2392903, at *4 (E.D. Pa. May 31, 2013) (quoting *Pourkay v. City of Philadelphia*, Civil Action No. 06-5539, 2009 WL 1795814, at *5 (E.D. Pa. June 23, 2009)).  "In such a case, the Court may reasonably expect an awareness on the part of the defendant that such allegations are likely." *Schouten*, 58 F. Supp. 2d at 616–17.

Count II of Beer's Amended Complaint specifically incorporates the allegations in the

---

[3] Advanced Auto Parts has provided the Court with a copy of Beer's EEOC Charge, *see* Doc. No. 18-2, however, neither Advanced Auto Parts nor Beer provided the Court with the EEOC cover sheet.  As the Court noted in our prior memorandum, (Doc. No. 15), Beer never used the word "retaliation" in the body of his Charge, and we do not know whether he checked the "retaliation" box on the cover sheet.  Although the cover sheet could provide additional support to whether Beer's retaliation claim is within the scope of his EEOC Charge, we note that the failure to "check the box" is not dispositive of the issue of whether a plaintiff has failed to exhaust administrative remedies. *See Lowenstein v. Catholic Health East*, 820 F. Supp. 2d 639, 644 (E.D. Pa. 2011).

[4] *Schouten* involved a retaliation claim brought under Title VII, not the ADA.  *Schouten*, 58 F. Supp. 2d at 615.  However, because the anti-retaliation provisions of the ADA and Title VII "are nearly identical . . . precedent interpreting . . . one of these statutes is equally relevant to interpretation of the other[]." *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567 (3d Cir. 2002).

5

proceeding paragraphs. As such, the Court considers all the new allegations set forth in the Amended Complaint,[5] as well as paragraphs 36 through 42 in Count I, which were missing from the original Complaint filed with the Court.[6] (*Id.* at ¶ 45.)

Beer makes several allegations in Count I that the Court finds bear on his retaliation claim in Count II. First, Beer alleges that he spoke with his supervisors, Haas and Nyugen, multiple times regarding his disabilities and need for accommodation. (*Id.* at ¶¶ 38, 42(a)(ii).) Second, Beer requested the accommodation of using the pack mule and the rollers to alleviate his foot pain. (*Id.* at ¶ 39.) In Count II, Beer alleges that his job was threatened when he brought his manager a doctor's note corroborating his need for accommodations and that he received his "first active write-up," which became a "final warning" regarding his job performance, only *after* he requested accommodations for his chronic foot pain. (*Id.* at ¶¶ 49–51.) Moreover, Beer was fired shortly after reminding his managers that he needed an accommodation for his foot pain—a reminder that only became necessary after a manager took away the pack mule Beer was using to accommodate his disability. (*Id.* at *¶¶* 52, 53.)

To establish a *prima facie* case for disability retaliation, a plaintiff must show that "(1) he engaged in protected employee activity; (2) he suffered an adverse employment action; and (3) the adverse action was causally related to the protected activity." *Long v. Spalding Automotive Inc.*,

---

[5] Beer's amendments to Count II include a sentence to paragraph 52: "A causal link exists, between Plaintiffs [sic] protected activity and the employer's adverse action due to temporal proximity. In other words, it is apparent that Plaintiff was terminated *due to* his condition because of the closeness in time as explained." (Doc. No. 17 at ¶ 52.) Also, Beer added a new paragraph:
> In his Charge submitted to the EEOC, Mr. Beer alleges that he was terminated "due to" his disability, as it is the "causal link" required in the *Williams* test.
> - o  Phrased in an alternative way, Mr. Beer was terminated in retaliation for his disability and the need for an accommodation.
> - o  This language was included in his charge to the EEOC, and as such all administrative remedies were exhausted and inclusion is proper.

(*Id.* at ¶ 53(a)-(b).)

[6] *See supra* n.2.

337 F. Supp. 3d 485, 491 (E.D. Pa. 2018) (citing *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2004)). A request for an accommodation is a protected activity. *See, e.g.*, *Tielle v. Nutrition Grp.*, 810 F. App'x 160, 162–63 (3d Cir. 2020).

Construing the allegations in Beer's favor, the Court finds that Beer's reminder to supervisors that he needed accommodation for his foot pain satisfies the "protected activity" element of his ADA retaliation claim. *See Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 191 (3d Cir. 2003). Similarly, Beer was terminated, which constitutes an "adverse employment action." *See Wright v. Providence Care Ctr., LLC*, 822 F. App'x 85, 94 (3d Cir. 2020) ("It is . . . evident that [plaintiff] endured an adverse employment action when she was fired."); *Dreibelbis v. County of Berks*, 438 F. Supp. 3d 304, 315 (E.D. Pa. 2020) ("It is well settled that termination is an adverse employment action." (internal quotation omitted)). Lastly, as to causation, the temporal proximity[7] of the protected activity is sufficient to plausibly suggest a causal relationship that Advanced Auto Parts's termination of Beer was motivated by his request for accommodation. This is so because Beer reminded his supervisors of his disability and need for accommodation (on July 11, 2018, and then again on July 24, 2018), within days of the adverse employment action—*as little as six days or at most nineteen days* before his termination.

Beer's EEOC Charge also sets forth similar facts.[8] Taking the additional allegations in Beer's Amended Complaint as true and construing Beer's EEOC Charge liberally, the Court finds that that Beer's allegations are sufficient to find that his retaliation claim grew out of his EEOC

---

[7] In finding that temporal proximity exists, the Court does not consider the doctor's note, which was presented in 2014, four years prior to the adverse employment action.

[8] The EEOC Charge alleges that on July 24, 2018, Beer "approached Mr. Haas and reminded him that I had chronic foot pain and needed some type of support to alleviate the pain." (Doc. No. 18-2 at p. 3.) Then Beer alleges that on July 30, Mr. Haas "terminated me for sitting on the rollers on July 24, 2018." (*Id.*)

Charge and that Beer satisfies the exhaustion requirement. *See Fugarino v. University Services,* 123 F. Supp. 2d 838, 841 (E.D. Pa. 2000) (although the plaintiff did not specifically refer to retaliation, the Court found that "the retaliation claim could 'reasonably be expected to grow out of' Plaintiff's charge").

## IV.     CONCLUSION

For the reasons stated above, Advanced Auto Parts's partial motion to dismiss Count II of Beer's Amended Complaint is denied.

An appropriate order follows.